UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
In the Matter of the Arbitration Between:

LILY PIROUZIAN,

                          Petitioner,

                - against -

CREDIT SUISSE SECURITIES (USA) LLC,

                          Respondent.
------------------------------------------------------------------------ x

**PETITION FOR AN ORDER CONFIRMING ARBITRATION AWARD**

20 Civ. 10540 (     )

## NATURE OF THE ACTION

1. Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Petitioner Lily Pirouzian ("Pirouzian" or "Petitioner"), by her attorneys, Bracewell LLP, petitions this Court for an Order confirming the Arbitration Award (the "Arbitration Award"), dated December 16, 2019, in favor of the Petitioner made by an arbitrator for the Financial Industry Regulatory Authority (the "FINRA Arbitrator") after an evidentiary hearing.

2. Subject to confirmation by the Court, the FINRA Arbitrator in the Arbitration Award recommends that the Central Registration Depository ("CRD") expunge any record pertaining to Occurrence Number 1885326 from the CRD records of Lily Pirouzian (CRD# 5119248). Pursuant to FINRA Rule 2080, Petitioner must obtain confirmation of the Arbitration Award by a court of competent jurisdiction to complete the expungement.

## PARTIES

3. Petitioner Lily Pirouzian is an individual currently residing at 20 Pine Street, New York, New York 10005.

4. Respondent Credit Suisse Securities (USA) LLC ("CSSU") is named in this

action solely as a nominal respondent because it was named as a party in the underlying FINRA Arbitration, as defined below. As noted in the Arbitration Award, CSSU did not oppose the request for expungement and elected not to appear at the evidentiary hearing.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

6. Venue is properly laid with the United States District Court for the Southern District of New York pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and 28 U.S.C. § 1391.

## BACKGROUND

7. On or about June 12, 2019, Pirouzian filed a Statement of Claim and commenced a Financial Industry Regulatory Authority arbitration proceeding (the "FINRA Arbitration"). The Statement of Claim sought expungement of occurrence number 1885326 (the "Occurrence") from her CRD pursuant to FINRA Rule 2080(b)(1)(C).

8. An evidentiary hearing (the "Hearing") was held before a FINRA arbitrator on December 11, 2019.

9. On or about December 19, 2019, the FINRA arbitrator issued his decision recommending the expungement of all references to the Occurrence from Pirouzian's registration records maintained by the CRD. In recommending expungement, the FINRA arbitrator made the following specific finding of fact:

> The Claimant established that the customer's allegations were false. They were submitted by a person with power of attorney who was not involved with the customer's affairs until after the relationship with Claimant had ended. The customer communicated in English, not Polish, as alleged. There were no trades in 2015 as alleged. The bonds previously purchased were suitable and the investment plan and its potential yield were frequently discussed with the customer. There was no loss in value based on the investment strategy. Losses came because the

      customer withdrew large amounts of cash beyond the income generated by the account. In spite of this, the portfolio's value increased until almost the end. The customer made no complaints while he was the Claimant's client. The customer's Statement of Claim also misstated the size of the settlement used to fund the accounts and its relative importance to the customer's future income from the personal injury settlement.

A true and correct copy of the Arbitration Award is attached hereto as Exhibit A.

    10.    FINRA Rule 2080 requires that "persons petitioning a court for expungement relief or seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents unless this requirement is waived."

    11.    On or about September 25, 2020, counsel for Petitioner wrote to the FINRA Registration and Disclosure Department requesting, pursuant to FINRA Rule 2080(b)(1), a waiver of the requirement to name FINRA as an additional party to a petition brought by Pirouzian seeking judicial confirmation of the Arbitration Award.

    12.    In a letter dated October 22, 2020, the FINRA Registration and Disclosure Department confirmed that the Arbitration Award complied with FINRA's Code of Arbitration Procedure for Customer Disputes, and granted Petitioner's request for a waiver of the obligation to name FINRA as a party to a petition brought by Pirouzian seeking judicial confirmation of the Arbitration Award. A true and correct copy of the October 22, 2020 letter from the FINRA Registration and Disclosure Department is attached hereto as Exhibit B.

**CLAIM FOR RELIEF**
**(Confirmation of Arbitration Award)**

    13.    Petitioner repeats and realleges each and every allegation contained in paragraphs 1 through 12 above, inclusive, and incorporates them hereby by reference.

    14.    Pursuant to 9 U.S.C. § 9, this Petition is timely brought within one year of the

delivery of the Arbitration Award to Petitioner.

15. The Arbitration Award has not been vacated, modified or corrected by order of any court of competent jurisdiction and is still in full force and effect.

16. Pursuant to 9 U.S.C. § 9, Petitioner is entitled to a judgment confirming the Arbitration Award recommending the expungement of all references to the Occurrence from Pirouzian's registration records maintained by the CRD.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order confirming the Arbitration Award and directing FINRA to execute the arbitrator's expungement directive removing all references to the Occurrence from the CRD records of Petitioner.

Dated: New York, New York
December 14, 2020

**BRACEWELL LLP**

/s/ Joshua C. Klein
Joshua C. Klein
Russell Gallaro
1251 Avenue of the Americas
49th Floor
New York, New York 10020
Tel No.: (212) 508-6100
joshua.klein@bracewell.com
russell.gallaro@bracewell.com

*Attorneys for Petitioner Lily Pirouzian*